IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TAMARA LYNN RAMEY,

    Plaintiff,

v.                                                                       No. 1:17-cv-00858 WJ/SCY

NANCY A. BERRYHILL,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On February 28, 2018, Plaintiff Tamara Lynn Ramey moved to reverse and remand the Social Security Commissioner's final decision denying her application for a period of disability and disability insurance benefits. Doc. 20. This matter has been referred to the undersigned for entry of proposed findings and a recommended disposition. Doc. 6. Upon review of the record and being fully advised in the premises, I recommend finding that the Appeals Council erred in failing to consider additional evidence Plaintiff submitted to the Appeals Council after the ALJ's decision. Therefore, I recommend that the Court grant Plaintiff's motion on this basis and remand this action for further proceedings.

**I.    BACKGROUND**

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on May 1, 2013. Administrative Record ("AR") 63. She alleged a disability onset date of December 31, 2012. *Id*. After her claim was denied on initial review and upon reconsideration, her case was set for a hearing in front of an ALJ on February 12, 2016. *Id*.

On March 24, 2016, the ALJ issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. AR 63-72. In arriving at his decision, the

1

ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 31, 2012, her alleged onset date. AR 65. The ALJ then found that Plaintiff suffered from the following severe impairments: (1) migraine headaches; (2) cervical disc bulges; (3) mood disorder; and (4) depression. AR 65. The ALJ determined that Plaintiff's remaining impairments were non-severe. AR 65-66. Further, with regard to the severe impairments, the ALJ found that these impairments, individually or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 66.

Because he found that Plaintiff's impairments did not meet a Listing, the ALJ then went on to assess Plaintiff's residual functional capacity ("RFC"). AR 67-71. The ALJ stated that

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to frequently climb ramps and stairs, but never ladders, ropes, and scaffolds. She is able to frequently balance, stoop, crouch, kneel and crawl. The claimant must avoid more than occasional exposure to extreme wetness and humidity, and must avoid more than occasional exposure to unprotected heights. She is able to understand, remember and carry out simple instructions and make commensurate work related decisions, and adjust to routine changes in work setting. She is able to interact with supervisors, co-workers and the public. She is able to maintain concentration, persistence, and pace for two hours at a time during the workday with normal breaks.

AR 67. The ALJ concluded that Plaintiff was unable to perform any past relevant work. AR 71. Based on the testimony of a vocational expert, the ALJ then determined at step five that considering Plaintiff's age, education, work experience, and her RFC, there are jobs that exist in significant numbers in the national economy that she can perform. AR 71-72.

After the ALJ denied Plaintiff's application, Plaintiff sought review by the Appeals Council and, in connection with that review, submitted evidence not previously before the ALJ. AR 2. At issue in this case are two medical source statements Plaintiff submitted to the Appeals Council:

1. Licensed marriage and family therapist (LMFT) Sandra Sorrell's Medical Assessment of Ability to do Work-Related Activities (Mental) and Listing Criteria for 12.04 and 12.06, signed and dated May 12, 2016 (AR 10-13); and
2. Certified Nurse Practitioner (CNP) Annette Maxedon's Medical Assessment of Ability to do Work-Related Activities (Physical and Non-Physical), dated and signed May 6, 2016 (AR 19-20).

The Appeals Council found that the above "additional evidence does not relate to the period at issue[, and therefore does] not affect the [ALJ's] decision." AR 2. The Appeals Council subsequently denied Plaintiff's request for review on June 21, 2017. AR 1. This appeal timely followed.

## II. ANALYSIS

Plaintiff raises three arguments. First, she argues that the Appeals Council committed legal error in determining that the medical source statements from LMFT Sorrell and CNP Maxedon did not constitute new, material, and chronologically pertinent evidence. Doc. 20 at 13-18. Second, she contends that the ALJ breached his duty to develop the record to clarify ambiguities regarding Plaintiff's physical impairments due to her Chiari malformation. *Id*. at 18-22. Third, Plaintiff argues that the ALJ failed to account for her subjective allegations of pain and other symptoms in formulating Plaintiff's RFC. *Id*. at 22-26. I do not address Plaintiff's second and third arguments concerning the ALJ's ruling because Plaintiff's first argument concerning the Appeals Council is dispositive.

### 1. Applicable Law

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional

evidence should only be considered if it is new, material, and chronologically pertinent. 20 C.F.R. §§ 404.970(b), 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id.* If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Id.*

**2. The Appeals Council erroneously failed to consider new, material, and chronologically pertinent evidence**

In this case, there is no dispute that LMFT Sorrell and CNP Maxedon's medical source statements were new and chronologically pertinent evidence. Both statements were completed in May 2016, approximately six weeks after the ALJ's March 24, 2016 written decision. Although there were treatment records from both providers in the record prior to the ALJ's decision, the May 2016 medical source statements were not duplicative or cumulative of those prior records. In her response, the Commissioner does not dispute that the medical source statements were new evidence. Doc. 24 at 15-16. The Commissioner also concedes that the medical source statements were chronologically pertinent because they related to the time period on or before the ALJ's decision. *See id*. at 15 (acknowledging that the medical source statements "appear to relate to the period on or before the March 24, 2016 ALJ's decision"). Specifically, CNP Maxedon was asked in her medical source statement to opine as to Plaintiff's physical and non-physical limitations from the date of Plaintiff's initial visit in April 2015 to May 2016. *See* AR 19-20 (asking provider to assess limitations while taking into consideration patient's medical history and the chronicity of findings "as from 4/2015 to current examination"). Similarly, LMFT Sorrell first treated Plaintiff in January 2016 and she was asked in her medical source statement to assess

4

Plaintiff's mental capabilities and limitations from "one year prior to initial visit to current examination." *See* AR 10. Based on this language, both medical source statements were temporally relevant and the Appeals Council erred in finding that they did "not relate to the period at issue" presumably because they were dated after the ALJ's decision. AR 2.

This leaves the question of whether the medical source statements were material. The Commissioner challenges their materiality, arguing that Plaintiff cannot demonstrate there is a "reasonable probability" the medical source statements would have changed the outcome of the ALJ's decision. *See* Doc. 14 at 14-18. I first note that the Commissioner misstates the standard for determining materiality. Evidence is material to the determination of disability if there is a reasonable *possibility* -- not probability as the Commissioner alleges -- that the evidence would have changed the outcome of the ALJ's ruling. *See Threet,* 353 F.3d at 1191. Under this standard, I recommend finding that both medical source statements were material. Turning first to the materiality of these statements as to Plaintiff's mental impairments, the ALJ found that Plaintiff's medical records showed "normal mental functioning" and "the cognitive ability to function in a work-related setting." AR 69-70. The ALJ gave significant weight to the opinions of state agency examining and non-examining medical consultants, all of which were completed during the 2013-2014 time period and which generally stated that Plaintiff had normal mental functioning and mostly mild mental impairments. AR 70; AR 134; AR 151; AR 712. The ALJ ultimately assessed the following mental work-related limitations within Plaintiff's RFC:

- She is able to understand, remember and carry out simple instructions and make commensurate work related decisions, and adjust to routine changes in work setting.
- She is able to interact with supervisors, co-workers and the public.
- She is able to maintain concentration, persistence, and pace for two hours at a time during the workday with normal breaks.

5

AR 67. The medical source statements from LMFT Sorrell and CNP Maxedon are newer opinions regarding Plaintiff's mental impairments in the time period immediately prior to the ALJ's decision. More importantly, both sources assessed that Plaintiff has a number of marked limitations in areas such as her ability to maintain attention and concentration for extended periods of time, to perform activities within a schedule, to work in coordination with/or proximity to others, to complete a normal workday, and to interact with coworkers or the general public. AR 10-14, AR 19-20.

The same is true for work-related physical activities. The ALJ assessed that Plaintiff had the RFC to perform light work; however, as Plaintiff points out, CNP Maxedon assessed greater physical limitations consistent with sedentary work. *See* AR 19. Thus, the medical source statements at issue call into question the ALJ's RFC assessment because, if adopted, they would impose greater limitations on Plaintiff's abilities to do work-related physical and mental activities. For these reasons, I propose finding that this evidence was material.

The Commissioner's materiality arguments regarding the medical source statements are unavailing. With regard to CNP Maxedon, the Commissioner does not directly address the May 2016 medical source statement submitted to the Appeals Council. *See* Doc. 24 at 16-17. The Commissioner focuses instead on the ALJ's consideration of CNP Maxedon's April 2015 treatment note indicating that Plaintiff was "medically disabled." *Id.* The ALJ's ruling regarding that earlier record is not relevant, however, to the Appeals Council's decision not to consider CNP Maxedon's May 2016 medical source statement. As to LMFT Sorrell's medical source statement, the Commissioner summarily asserted that Sorrell "had no direct knowledge of Plaintiff's medical condition" prior to Plaintiff's initial visit in January 2016. Doc. 24 at 17. However, as indicated earlier, the medical source statement completed by Sorrell explicitly asked

6

her to consider Plaintiff's medical history and records from "one year prior to initial visit to current examination." *See* AR 10. Because there is no indication in the statement that Sorrell did not do as she was instructed, I reject the Commissioner's argument. The Commissioner also argues that Sorrell's medical source statement is not material because she used a check-box form and did not make comments or refer to other evidence in the statement. Since Sorrell's treatment records and visit summaries were in the record, I am not convinced that her use of a check-box evaluation form is an adequate reason to reject the statement as immaterial.

I also find that it is impermissible for the Court to assess the new evidence in light of the record before remanding and find that it would not undermine the ALJ's decision, as the Commissioner suggests. *See* Doc. 24 at 17-18. In *Vallejo v. Berryhill*, 849 F.3d 951 (10th Cir. 2017), the Tenth Circuit held that when a claimant submits new evidence to the Appeals Council *and the Appeals Council accepts and considers it*, that evidence becomes a part of the record to be considered by the court in performing a substantial evidence review. *Id.* at 955 (emphasis added). That is not the case here. In this case, the Appeals Council *did not accept or consider* the medical source statements in denying Plaintiff's request to review the ALJ's decision. AR 2. Thus, the only question before the Court is whether the Appeals Council should have done so. *See Padilla v. Colvin*, 525 F. App'x 710, 712, n. 1 (10th Cir. 2013) (distinguishing the questions before the court when the Appeals Council rejects and does not consider additional evidence in denying review and when the Appeals Council accepts and considers evidence in denying review). Because the Appeals Council did not accept or consider the new evidence and should have, it would be improper for this Court to perform a substantial evidence review of the ALJ's decision.

Therefore, I propose finding that the Appeals Council erred in failing to consider the medical source statements. I further recommend that the Court not address Plaintiff's remaining arguments at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("[T]he Appeals Council, which has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation marks omitted).

### III. CONCLUSION

Based on the foregoing, I recommend granting Plaintiff's Motion (Doc. 20) and remanding this action for further proceedings.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**